UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Ft. Lauderdale Division

Case Number:

GEORGE AMADOR,

    Plaintiff,

vs.

JONES LANG LASALLE AMERICAS,
INC., a Maryland corporation,

    Defendant.
_____/

**Complaint for Damages and Injunctive Relief — Jury Trial Demanded**

**Count I — Age Discrimination Under the ADEA**

Plaintiff, George Amador, sues defendant, Jones Lang LaSalle Americas, Inc., a Maryland corporation with its principal place of business in Chicago, Illinois, and as grounds shows:

**Introduction**

1. This is an action brought pursuant to the Age Discrimination in Employment Act, 29 U.S.C. § 621, *et seq.* ("ADEA") and Florida Civil Rights Act, §§ 760.01, *et seq.*, FLA. STAT. ("FCRA"), by George Amador, a 56-year-old Cuban-American property-management executive who had worked for Jones Lang LaSalle Americas, Inc. ("JLL"), and its predecessor companies for

35 years.  JLL moved Mr. Amador out of his job as Global Director of Energy and Sustainability for HSBC Bank, a 55 million square-foot account on which he met his efficiency goals for the previous two years, and replaced him with a 34-year-old Indian with no international experience.  JLL never told Mr. Amador that it would replace him on the HSBC account when he agreed to temporarily both do that job and fill in on an emergency basis as manager of its 15 million square-foot Citi account in Latin America.  Nor did JLL even consider Mr. Amador for appointment as the permanent manager of the Citi account.  It hired instead a substantially younger (49-year-old) Argentinian from outside the company.  Following half-hearted placement efforts, JLL then terminated Mr. Amador as being surplus.  Two weeks after JLL received the Charge of Discrimination Mr. Amador had filed with the Equal Employment Opportunity Commission ("EEOC"), it offered him temporary assignments paying less than he had earned on the HSBC account, although it declined to tell him the what the jobs would entail.  JLL falsely insisted to the EEOC that, **One**, Mr. Amador had "voluntarily relinquished his role with HSBC to temporarily manage JLL's Citi account" and, **Two**, had told JLL that he did not want to leave his home in Florida to move to Latin America to take the Citi-account job permanently — notwithstanding that Mr. Amador was intimately familiar with every aspect of the Citi account, had worked for JLL as an expatriate for eight years in Rio de Janeiro and Mexico City, is fluent in Spanish, converses in Portugese and is married to a Brazilian.  Mr.

Amador seeks all legal and equitable relief available under the ADEA and FCRA, as well as his costs, including reasonable attorneys' fees.

### Jurisdiction, Parties, Venue

2. This Court has jurisdiction pursuant 28 U.S.C. §§ 1331 (federal question). The Court has supplemental jurisdiction to determine the state claims pursuant to 28 U.S.C. § 1367.

3. Venue is proper in the Southern District of Florida pursuant to 28 U.S.C. § 1391(b) because the claims arose here and the defendant is subject to personal jurisdiction here.

4. At all material times, plaintiff George Amador was protected by the ADEA and the FCRA because he is over forty years of age. He was and is an "employee" as contemplated by the ADEA and by the FCRA.

5. At all times material, defendant Jones Lang LaSalle Americas, Inc. ("JLL"), a Maryland corporation with its principal place of business in Chicago, was an "employer" as contemplated by both the ADEA and FCRA.

### Satisfaction of Conditions Precedent

6. Mr. Amador, on or about January 10, 2015, filed a Charge of Discrimination with the EEOC pursuant to the ADEA, which also satisfied the filing requirements and perfected his rights under the FCRA.

7. The EEOC issued Mr. Amador on or about May 12, 2015 — at Mr. Amador's request, based on the EEOC's having had the Charge of Discrimination for more than 180 days without completing its administrative

processing — a Notice of Right to Sue *(Issued on Request)*. In an attempt to resolve this matter without litigation, the parties agreed to extend until October 31 the time within which Mr. Amador could file suit so that they could attempt a pre-suit mediation.

8.     The Florida Commission on Human Relations deferred its handling of the case to the EEOC without either conciliating or making a finding adverse to Mr. Amador within 180 days of the filing of the Charge of Discrimination, which failure to act satisfies Mr. Amador's exhaustion-of-administrative-remedies requirement and entitles him to maintain a civil action.

9.     Any other condition precedent to the filing of this action has been satisfied, has been waived or would be futile.

### General Allegations

10.    Mr. Amador was employed by JLL in 2014 as the Global Director of Energy and Sustainability for HSBC, a 55 million square-foot property-management account that he had been involved in securing.

11.    Mr. Amador had been employed by JLL and predecessor companies that it had acquired for 35 years, enjoying progressively more responsible assignments throughout his career — including moving to the Miami office in 2001 to take over the Citi account in Latin America, which under him grew from 150 employees managing Citi properties in 15

countries to 1,100 employees managing City properties in 27 countries in 2006.

12.  During the time that he was supervising the Citi account in Latin America, Mr. Amador oversaw client relations, business development, operations and human resources.

13.  From 2006 until he began work on the team that successfully pursued the HSBC account in 2012, Mr. Amador led regional oversight for multiple accounts in Latin America.

14.  During the two years that Mr. Amador served as Global Director of Energy and Sustainability for the HSBC account, he achieved all of his objective goals during the first year and exceeded them by five to 10 per cent the second year.

15.  Mr. Amador's compensation in his HSBC assignment was a base salary of $216,000, plus a $90,000 target bonus, the criteria for which he so exceeded that he calculates that he would have been entitled to a $250,000 bonus payment had he been in that job in March 2015 when the bonuses were paid.

16.  Nonetheless, JLL dropped Mr. Amador's performance rating from 4.9 on a scale of 5 in 2012 to 3.5 in 2013 — the first time that it had ever been below 4.0 — in a performance review that was never completed by his direct supervisor, Pat Kidd.

17. In the spring of 2014, William Thummel, who both was the Global Client Relationship Manager for the HSBC account and had corporate level oversight for all of Latin America, requested that Mr. Amador take on the additional duty of filling in for the manager of the Citi account in Latin America, who had left JLL unexpectedly.

18. Mr. Amador agreed and began doing both jobs.

19. No one at JLL told Mr. Amador that his taking of the Citi Latin America account temporarily would require him to relinquish his job as the Global Director for Energy and Sustainability for the HSBC account.

20. Mr. Amador did not learn until a conference call with Mr. Kidd in June or July 2014 that his HSBC job was being filled with a replacement — 34-year-old Chandra Gopalakrishnan, a recent hire, and one with no international experience, whose previous job had been abolished when JLL lost the much smaller account to which he had been assigned.

21. Notwithstanding that JLL represented to the EEOC that Mr. Amador knowingly gave up his global-director job on the HSBC account for what he knew would be only a temporary assignment on the Citi account, and that he refused to relocate to Latin America to take the Citi job, no one at JLL ever:

    a. communicated to Mr. Amador that his taking over the Citi account for Latin America on a temporary basis, at JLL's request, would mean permanently vacating his HSBC position, or

  b. asked him whether, to do so, he would be willing to relocate to Latin America, which would have been logical for him to do, given his eight years of expatriate experience for JLL (three years in Sao Paolo, Brazil, and five years in Mexico City), his fluency in Spanish and conversational capability in Portugese, and his marriage to a Brazillian.

 22. Instead, after JLL hired 49-year-old Rafael Nolazco, an Argentinian, to take over the job as Client Relationship Manager for the Citi account, into which Mr. Amador transitioned him September 30, 2014, JLL simply told Mr. Amador that:

  a. he had 90 days to find another job or be let go, and

  b. there was no other job.

 23. JLL treated Mr. Amador, a longtime, highly performing employee disadvantageously under circumstances which gave rise to an inference of unlawful discrimination, e.g.:

  a. it removed him from his position as Global Director of Energy and Sustainability on the HSBC account, replacing him with a 34-year-old with substantially less experience and fewer qualifications;

  b. it gave the job that he was temporarily filling to a substantially younger outside candidate without ever considering Mr. Amador for the job or inquiring whether he would be willing to relocate to Latin America, were that necessary.

 24. Mr. Amador's age was the reason that prompted JLL to:

    a.    replace Mr. Amador in his HSBC assignment with a substantially younger employee, and

    b.    offer the Citi Latin American assignment to a substantially younger outside hire.

25.    As a direct, natural, proximate and foreseeable result of JLL's actions, Mr. Amador has lost wages and benefits in the past and will suffer additional losses in the future.

26.    JLL's actions, as more particularly alleged above, constituted violations of the Age Discrimination in Employment Act, 29 U.S.C. § 621, *et seq.*, and were done willfully with knowing and or reckless disregard of the ADEA's proscriptions, entitling Mr. Amador to recover liquidated damages.

27.    Additionally, Mr. Amador is suffering a violation of his federal statutory right against age discrimination, which violation constitutes irreparable harm for which there is no adequate remedy at law.

28.    Mr. Amador is entitled to be awarded reasonable attorney's fees and litigation expenses pursuant to 29 U.S.C. § 626(b).

WHEREFORE, plaintiff, George Amador, prays that this Court will:

    a.    issue a judgment that the discrimination against Mr. Amador by JLL was a violation of Mr. Amador's rights under the ADEA;

    b.    enjoin JLL from continuing to violate the Mr. Amador's federally protected rights and to make Mr. Amador whole through back pay and reinstatement to a position comparable to the ones he held previously on the

HSBC or Citi accounts, or, if that were not feasible as a make-whole remedy, award him front pay;

    c.    grant Mr. Amador judgment against JLL for back and liquidated damages for the violations of the ADEA;

    d.    grant Mr. Amador his reasonable attorneys' fees and litigation expenses against JLL; and

    e.    grant such other and further relief as is just.

## Count II — Age Discrimination Under the FCRA

29.    Mr. Amador realleges and incorporates in Count II the matters set forth in ¶¶ 1 through 6 and 8 through 25.

30.    JLL's actions as more particularly alleged above, constituted age discrimination in violation of § 760.10(1), FLA. STAT. (2015).

31.    As the direct, proximate and foreseeable result of JLL's actions, Mr. Amador has lost wages and benefits in the past and will suffer additional losses in the future and has suffered mental anguish, loss of dignity, a diminution of his reputation and other intangible injuries for which he is entitled to compensatory damages.

32.    The actions of JLL and its managing agents constituted a wilful and wanton violation of Mr. Amador's Florida statutory rights against age-discrimination, entitling him to punitive damages.

33. Additionally, Mr. Amador is suffering a violation of his Florida statutory right against age discrimination, which violation constitutes irreparable harm for which there is no adequate remedy at law.

34. Mr. Amador is entitled to be awarded reasonable attorneys' fees and litigation expenses pursuant to § 760.11(5), Fla. Stat.

WHEREFORE, plaintiff, George Amador, prays that this Court will:

a. issue a judgment that the discrimination against Mr. Amador by JLL was a violation of Mr. Amador's rights under the FCRA;

b. enjoin JLL from continuing to violate the Mr. Amador's federally protected rights and to make Mr. Amador whole through back pay and reinstatement to a position comparable to the ones he held previously on the HSBC or Citi accounts, or, if that were not feasible as a make-whole remedy, award him front pay;

c. grant Mr. Amador judgment against JLL for back wages and compensatory and punitive damages for violation of the FCRA;

d. grant Mr. Amador his reasonable attorneys' fees and litigation expenses against JLL; and

e. grant such other and further relief as is just.

### Demand for Jury Trial

Mr. Amador demands trial by jury on all issues so triable.

> Respectfully submitted,
>
> */s/ William R. Amlong*
> WILLIAM R. AMLONG
> Florida Bar No.:  470228
> WRAmlong@TheAmlongFirm.com
> KAREN COOLMAN AMLONG
> Florida Bar No.:  275565
> KAmlong@TheAmlongFirm.com
> ALISON L. CHURLY-DAVIS
> Florida Bar No.:  97850
> AChurly@TheAmlongFirm.com
>
> AMLONG & AMLONG, P.A.
> 500 Northeast Fourth Street
> Second Floor
> Fort Lauderdale, Florida 33301-1154
> (954) 462-1983
>
> ***Attorneys for the Plaintiff,
> George Amador***

\\amlong3\cpshare\CPWin\HISTORY\150925_0001\1439.3A